**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| WILDEARTH GUARDIANS, *et al.*  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>DAVID L. BERNHARDT, in his official  )<br>capacity as Secretary of the Interior, *et al.*  )<br>)<br>Federal Defendants,  )<br>)<br>and  )<br>)<br>WESTERN ENERGY ALLIANCE, *et al.*  )<br>)<br>Intervenor Defendants.  )<br>)<br>)  | Case No. 1:16-cv-1724-RC<br>The Honorable Rudolph Contreras |

**FEDERAL DEFENDANTS' OPPOSITION TO MOTION
FOR RECONSIDERATION OF REMAND ORDER**

Federal Defendants hereby oppose Plaintiffs' June 4, 2019 motion, ECF No. 108 ("Motion"), asking the Court pursuant to Fed. R. Civ. P. 59(e) to amend its May 28, 2019 minute order, ECF No. 108 ("Minute Order"), which remanded the National Environmental Policy Act ("NEPA") compliance documentation – that is, the Environmental Assessments, Findings of No Significant Impact, and Determinations of NEPA Adequacy – prepared by the Bureau of Land Management ("BLM") for the Colorado and Utah oil and gas leasing decisions challenged in this case. Plaintiffs seek a modified remand order that "impose[s] the same remedies" for the Colorado and Utah remand as were imposed for the Wyoming remand. Motion at 9. The Court should deny the motion because Plaintiffs fail to demonstrate "clear error" or "manifest injustice," the only elements of the reconsideration standard relied on in the Motion.

## BACKGROUND

In its March 19, 2019 Memorandum Opinion for the Wyoming phase of this three-state oil-and-gas leasing challenge, ECF 99 ("March 19 Decision"), the Court found certain deficiencies in the environmental analyses supporting issuance of the Wyoming leases. It remanded those analyses to BLM and enjoined approval of any applications for permits to drill ("APDs") associated with the Wyoming leases. *Id*. at 60. The Court did so following full consideration of the merits of Plaintiffs' claims concerning the Wyoming leasing decisions, as informed by the administrative records for the decisions, the parties' cross-motions for summary judgment, and the supplemental merits briefing requested by the Court (ECF No. 88).

In the weeks following entry of the Memorandum Opinion, Federal Defendants examined the environmental analyses supporting the Colorado and Utah leasing decisions in light of the March 19 Decision, for the purpose of assessing whether to move for voluntary remand. On May 24, Federal Defendants so moved, ECF No. 107, and thereafter the Court

1

entered the Minute Order that Plaintiffs now call into question. Specifically, Plaintiffs argue the Court committed "clear error" through an "inadvertent omission" from the Minute Order of an injunction like the one imposed for the Wyoming remand. Motion at 5 (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). As explained below, the motion should be denied because the claim of "clear error" is unsubstantiated.

## ARGUMENT

The record amply demonstrates that the decision not to enjoin APD approval for the Colorado and Utah leases was not clear error. In their May 24 motion for voluntary remand, ECF No. 107, Federal Defendants advised the Court that Plaintiffs objected to any remand without a restriction on APD approval and then explained why such a restriction here is unnecessary. First, Federal Defendants pointed out that the law already prevents the government from approving APDs that are not supported by adequate NEPA review and explained that an injunction that essentially directs a party to obey the law is unnecessary. *Id*. at 5. Second, they pointed out that if the government makes a decision that Plaintiffs consider unlawful, Plaintiffs may challenge that decision and, if appropriate, seek to block its implementation by moving for injunctive relief. *Id.* Third, they pointed out that there has not been the customary showing of entitlement to injunctive relief necessary to support an injunction with respect to the Utah and Colorado claims. *Id.*

Thus the "omission" Plaintiffs point to was not "clear error" at all; rather it was made based on full disclosure of Plaintiffs' view that APD approval should be enjoined. It appears the Court has recognized that, contrary to the Wyoming circumstance, there has been no merits ruling as to the Colorado and Utah claims. Further, no motion for preliminary injunction was ever filed with respect to such claims and thus the required showing of likely irreparable injury

to Plaintiffs' members has not been made. *See Winter v Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (requiring movant to demonstrate that "irreparable injury is likely in the absence of an injunction"). Federal Defendants surmise that the Court, quite appropriately, was unwilling to allow Plaintiffs to bypass the normal processes for obtaining injunctive relief. And Plaintiffs' position is not aided by merely invoking the "manifest injustice" prong of the reconsideration test, *Firestone*, 76 F.3d at 1208, because Plaintiffs offer no supporting argument and identify no instances of "manifest injustice" apart from what they say was an "inadvertent omission."

Notably, courts have broad discretion to order remand even "in the absence of new evidence or an intervening event." *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010). As long as the agency raises "substantial and legitimate" concerns in support of remand, it is within the Court's discretion to order remand. *Id.* (quoting *Sierra Club v. Antwerp*, 560 F.Supp.2d 21, 23 (D.D.C.2008)). Here, Plaintiffs make no contention that the concerns raised by the government are not "substantial and legitimate." *Id.* Instead, they point to the fact that the Minute Order is not "consistent with" the Wyoming remand order, but it need not be. Plaintiffs seek consistency but fail to account for the differing legal postures of the two sets of claims.[1] For all of these reasons, Plaintiffs' motion should be denied.

Respectfully submitted this 12th day of June, 2019.

> JEAN E. WILLIAMS
> Deputy Assistant Attorney General
> United States Department of Justice
> Environment and Natural Resources Div.

---

[1] Lastly, Plaintiffs move for reconsideration under Rule 59(e), but the D.C. Circuit has made clear that the rule applies only to entry of a final judgment. *See Cobell v. Jewell*, 802 F.3d 12, 19 (D.C. Cir. 2015) (distinguishing motions for reconsideration brought under Rule 54(b), which pertain to interlocutory orders, from motions for reconsideration brought under Rule 59(e), which are filed "only after the district court's entry of a final judgment"). Plaintiffs make no argument and cite no case law supporting their view that Rule 59(e) is the appropriate vehicle for obtaining the relief they seek. This deficiency provides an additional basis for denying their motion for reconsideration.

                /s/ *John S. Most*
JOHN S. MOST, Trial Attorney
Natural Resources Section
Virginia Bar No. 27176
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 616-3353
Email: john.most@usdoj.gov

*Counsel for Federal Defendants*

**Of Counsel**

Danielle DiMauro
Office of the Solicitor,
Rocky Mountain Region,
U.S. Department of the Interior
Denver, Colorado

## CERTIFICATE OF SERVICE

    I hereby certify that on June 12, 2019, a copy of the foregoing notice was served by electronic means on all counsel of record by the Court's CM/ECF system.

                /s/ *John S. Most*
                JOHN S. MOST