# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS, and<br>PHYSICIANS FOR SOCIAL RESPONSIBILITY,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN ZINKE,<br>MICHAEL NEDD, and<br>U.S. BUREAU OF LAND MANAGEMENT,<br><br>Federal Defendants,<br><br>WESTERN ENERGY ALLIANCE,<br>PETROLEUM ASSOCIATION OF WYOMING,<br>AMERICAN PETROLEUM INSTITUTE,<br>STATE OF WYOMING, and<br>STATE OF UTAH,<br><br>Intervenor-Defendants. | Case No. 1:16-cv-01724-RC<br>The Honorable Rudolph Contreras |

## PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT OF MOTION TO ENFORCE MARCH 19, 2019 MEMORANDUM OPINION AND ORDER

Plaintiffs WildEarth Guardians and Physicians for Social Responsibility (collectively, "Plaintiffs") reply to Federal Defendants' and Intervenor-Defendants' responses in opposition to Plaintiffs Motion to Enforce the Court's March 19, 2019 Memorandum Opinion and Order ("Motion"). Plaintiffs' Motion seeks to enforce this Court's injunction on the Bureau of Land Management ("BLM") "from issuing APDs or otherwise authorizing new oil and gas drilling on the Wyoming Leases." Dkt. 99 at 60 ("Opinion"). Each of the responses to Plaintiffs' Motion make the same argument: that the injunction expired on its own terms when BLM completed its supplemental NEPA analysis. *See* Doc. 114 at 2; Doc. 115 at 1; Doc. 116 at 1; Doc. 117 at 1.

1

This interpretation advances the narrowest possible reading of the Court's Opinion and ignores all preceding language and instruction. It also exemplifies the agency's approach which has reduced the remanded NEPA process to a "bureaucratic formality … [and] an exercise in filling out the proper paperwork *post hoc*." Opinion at 59-60.

As BLM offers in response, "a court reviews an agency's conduct in response to its order 'for contrariness to either the *letter or spirit* of the mandate in the original case.'" Dkt. 114 at 2 (citing *Coal Employment Project v. Dole*, 900 F.2d 367, 368 (D.C. Cir. 1990)) (emphasis added). Despite this acknowledgment, BLM's interpretation is based on the narrowest "letter" of the Order while ignoring the "spirit" and intent of the Court's decision and the structure of the remedy imposed. Indeed, *Coal Employment Project* provides a corollary to the present case, wherein the court was troubled by the agency's interim regulation on remand and found that it "seems inconsistent with the concerns we voiced … in our opinion." *Id.* Despite the court's reservation in dictating how the agency should implement its original order, the court ordered an additional requirement that the agency "devise a suitable interim replacement responding to our concerns within 45 days." *Id.* Here, no additional order is required. Rather, Plaintiffs simply request the enforcement of the Court's original Order enjoining the issuance of APDs on the Wyoming Leases.

Federal Defendants and Intervenors selectively choose to ignore all instruction appearing above the language "it is hereby Ordered." Opinion at 60. For example, they have not questioned whether the Court retained jurisdiction over this matter. Nevertheless, Federal Defendants and Intervenors disregard the overall structure and spirit of the Court's remedy despite the Court's explicit instructions:

> To guard against the possibility that BLM did not choose correctly the first time around, the Court enjoins BLM from issuing any APDs for the Wyoming Leases

> while the agency works to substantiate its EAs and FONSI. Until BLM sufficiently explains its conclusion that the Wyoming Lease Sales did not significantly affect the environment, BLM may not authorize new drilling on the leased parcels.

Opinion at 59. The Court then continued, explaining that while it declined to vacate the Wyoming Leases,[1] the Court sought to ensure meaningful and thorough NEPA analysis on remand by specifically providing: "After BLM's work on remand, Plaintiffs may again address whether BLM fulfilled its NEPA obligations. The Court will retain jurisdiction over this matter until those obligations are satisfied." *Id.* at 60. Read holistically, it is clear that the injunction is not meant to automatically dissolve. Rather, the Court must first be satisfied that BLM has met its NEPA obligations in a manner described in the Opinion. *Id.*

Federal Defendants and Intervenors also wrongly argue that in order for this Court to enforce an ongoing injunction against the issuance of APDs, Plaintiffs are required to demonstrate anew the need for such injunctive relief pursuant to the requirements of Fed. R. Civ. P. 65 and the factors described in *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). *See e.g.,* Dkt. 114 at 3; Dkt. 115 at 1; Dkt. 117 at 1. To the contrary, the burden to enforce an injunctive order does not rest on Plaintiffs. Rather the burden here falls squarely on the agency. As the D.C. Circuit has taught, "[t]he party seeking modification 'bears the burden of establishing that a significant change in circumstances warrants [the injunctive orders] revision." *Gov't of Province of Manitoba v. Zinke*, 849 F.3d 1111, 1117 (D.C. Cir. 2017). *See also Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000) (holding a party seeking dissolution of an injunction "bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction."). Under analogous circumstances to this case, Judge

---

[1] *See* Motion at 9-10 (citing cases where courts vacated oil and gas leases and drilling permits to ensure NEPA's mandate was fulfilled).

3

Malloy explained that "Defendants' unilateral declaration that they complied with the Court's Order and therefore the injunction was automatically dissolved has no legal force other than constituting a violation of law for which the appropriate remedy is criminal contempt proceedings." *Swan View Coal. v. Barboulutos*, 639 F. Supp. 2d 1187, 1190 (D. Mont. 2009). Only in response to Plaintiffs' question did BLM confirm its unilateral determination that the injunction had lifted. Although the agency has not stated whether it has begun to approve APDs, BLM has clearly indicated its intent to do so, and indeed may have already issued drilling permits on the subject Wyoming Leases.

Finally, Plaintiffs understand that their request of the Court to order the parties to confer and file a joint status report containing a proposal for how the remand-stage of this case should proceed falls outside the four corners of the pending Motion. This request was merely a pragmatic suggestion for how this case should proceed once the Court makes its determination on the Motion. It is within this Court's broad equitable discretion to require such conferral.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the pending motion and enforce its ongoing injunction against BLM from issuing APDs.

Respectfully submitted on the 28th day of June 2019,

/s/ Kyle Tisdel
Kyle Tisdel (CO Bar No. 42098)
*admitted pro hac vice*
WESTERN ENVIRONMENTAL LAW CENTER
208 Paseo del Pueblo Sur, Ste. 602
Taos, NM 87571
(575) 613-8050
tisdel@westernlaw.org

*Counsel for Plaintiffs*

/s/ Samantha Ruscavage-Barz
Samantha Ruscavage-Barz (Bar No. CO0053)
WILDEARTH GUARDIANS
301 N. Guadalupe Street, Ste. 201
Santa Fe, NM 87501
(505) 401-4180
sruscavagebarz@wildearthguardians.org

*Counsel for Plaintiffs*

 

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on June 28, 2019, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to other participants in this case.

/s/ Kyle J. Tisdel
*Counsel for Plaintiffs*