**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| WILDEARTH GUARDIANS, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | | |
| | : | Civil Action No.: | 16-1724 (RC) |
| v. | : | | |
| | : | Re Document Nos.: | 108, 109 |
| DAVID BERNHARDT,[1] *et al.*, | : | | |
| Federal Defendants, | : | | |
| | : | | |
| WESTERN ENERGY ALLIANCE, *et al.*, | : | | |
| | : | | |
| Defendant-Intervenors | : | | |

<u>**MEMORANDUM OPINION**</u>

**DENYING PLAINTIFFS' MOTION TO AMEND JUDGMENT; DENYING PLAINTIFFS' MOTION TO
ENFORCE REMAND ORDER**

## I.  INTRODUCTION

In this National Environmental Policy Act ("NEPA") lawsuit, Plaintiffs challenge Bureau

of Land Management ("BLM") approval and issuance of 473 oil and gas leases on over 460,000

acres of land in Wyoming, Colorado, and Utah.  The parties agreed to a trifurcated approach that

would first address the Wyoming leases, with briefing on the Colorado and Utah leases to come

in two subsequent stages.  *See* Sched. Order, ECF No. 24.  Finding the NEPA analysis of the

Wyoming leases to be deficient, this Court remanded the Wyoming leases to BLM for

supplementary analysis and enjoined any further activity on the Wyoming leases until it was

satisfied that BLM had addressed the deficiencies in its analysis.  *See* Mem. Op. (Mar. 19, 2019),

ECF No. 99.  Federal Defendants then moved for voluntary remand of the Colorado and Utah

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes David
Bernhardt.

leases for BLM to conduct "further environmental analysis."  Defs.' Mot. Voluntary Remand 1, ECF No. 107.  This Court granted Federal Defendants' motion in a May 29, 2019 minute order. Plaintiffs moved to amend the minute order to specify that the Colorado and Utah leases should be enjoined until BLM demonstrates NEPA compliance.  Pls.' Mot. Amend J., ECF No. 108. Separately, Plaintiffs also moved to enforce the Court's March 19, 2019 opinion and order regarding the Wyoming leases.  Pls.' Mot. Enforce, ECF No. 109.  Because this Court cannot properly enjoin leasing activity on the Colorado and Utah leases without a briefing on the merits of BLM's environmental analysis for those sites, it will deny Plaintiffs' motion to amend.  In addition, because BLM's supplementary analysis provided Plaintiffs with all of the relief required by the Court's earlier mandate and the Court declines to second-guess the agency's actions, it will deny Plaintiffs' motion to enforce the March 19, 2019 memorandum opinion and order.  The Court underscores, however, that BLM must take its obligation to supplement seriously for all the land parcels challenged in this suit.  It will, accordingly, grant Plaintiffs leave to supplement the complaint as provided under Federal Rule of Civil Procedure Rule 15 to the extent that they wish to challenge any new leasing decisions.

## II.  PROCEDURAL BACKGROUND

On March 19, 2019, this Court issued what is to be the first of three dispositions in the trifurcated briefing schedule addressing Plaintiffs' NEPA claims.  *See* Mem. Op.  The Court's March 19 memorandum opinion addressed the Wyoming leases and granted in part Plaintiffs' motion for summary judgment, concluding that BLM "failed to take a 'hard look'" at greenhouse gas ("GHG") emissions from Wyoming lease sales and thus failed to comply with NEPA in authorizing these leases.  *Id.* at 59.  More specifically, the Court concluded that BLM's environmental assessments ("EAs") "(1) failed to quantify and forecast drilling-related GHG

emissions; (2) failed to adequately consider GHG emissions from the downstream use of oil and gas produced on the leased parcels; and (3) failed to compare those GHG emissions to state, regional, and national GHG emissions forecasts, and other foreseeable regional and national BLM projects." *Id.* at 56. Accordingly, this Court remanded the nine EAs and associated findings of no significant impact ("FONSIs") associated with the Wyoming lease sales challenged by Plaintiffs, directing BLM to correct its NEPA shortcomings and "adequately quantify the climate change impacts of oil and gas leasing." *Id.* at 2. Pending adequate supplementation, this Court enjoined BLM from issuing a permit to drill ("APD") or "otherwise authorizing new oil and gas drilling on the Wyoming Leases." *Id.* at 60.

On May 24, 2019, Federal Defendants moved for a voluntary remand of the Utah and Colorado oil and gas leasing decisions that Plaintiffs originally challenged along with the Wyoming leasing decisions. ECF No. 107. This Court granted the motion in a May 29, 2019 minute order that remanded the Colorado and Utah EAs, FONSIs and Determinations of NEPA Adequacy to BLM and directed the agency to supplement these documents as required by the Court's March 19, 2019 opinion. Plaintiffs now bring two further motions regarding, respectively, the May 29, 2019, remand to BLM for the Colorado and Utah leases and the March 19, 2019, remand to BLM for the Wyoming leases. Plaintiffs ask, first, that this Court amend its May 29, 2019 minute order to enjoin BLM from issuing APDs or otherwise authorizing new oil and gas drilling on the Colorado and Utah leases, such that this directive mirrors the Wyoming remedy. Pls.' Mot. Amend, ECF No. 108. Second, Plaintiffs move to enforce the March 19, 2019 remand order regarding the Wyoming leases. Pls.' Mot. Enforce. These motions are ripe for the Court's review.

## III.  ANALYSIS

### A.  Motion to Amend May 29, 2019 Minute Order

Plaintiffs move to amend the May 29, 2019 minute order, contending that the Court must amend its minute order and enjoin BLM from issuing APDs on the Colorado and Utah leases until it is certain that BLM's remanded analysis complies with NEPA.  Pls.' Mot. Amend J. 5. Although styled as a Rule 59(e) motion, this Court applies the Rule 54(b) standard for reconsideration of interlocutory motions in assessing Plaintiffs' claim.[2]

"Rule 54(b) reconsideration may be granted 'as justice requires.'"  *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (quoting *APCC Servs., Inc. v. AT&T Corp.,* 281 F. Supp. 2d 41, 44 (D.D.C. 2003) and *Campbell v. U.S. Dep't of Justice,* 231 F. Supp. 2d 1, 7 (D.D.C. 2002) (internal citations omitted)); *see also Cobell v. Jewell*, 802 F.3d at 25–26.  A court resolving a Rule 54(b) motion for reconsideration has "more flexibility" as compared to its resolution of a Rule 59(e) motion for reconsideration.  *Cobell v. Jewell*, 802 F.3d at 25–26 (citing *Cobell v. Norton,* 224 F.R.D. at 272).  This flexibility is informed by guidelines: "In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: '(1) an intervening change in the law; (2) the discovery of new evidence not previously

---

[2] Plaintiffs move to amend under Federal Rule of Civil Procedure 59(e).  *See* Pl.'s Mot. Amend J. 1.  But as Federal Defendants note, *see* Fed. Defs.' Opp'n Mot. Recons. 3 n.1, ECF No. 110, this rule applies only to entry of final judgment, *see Cobell v. Jewell*, 802 F.3d 12, 19 (D.C. Cir. 2015).  Because the May 29, 2019 minute order did not dispose of all claims and all parties in the instant suit, the voluntary remand to BLM is not final.  Rule 54(b) thus provides the relevant legal standard under which the Court evaluates Plaintiffs' arguments.  *See id.* ("When cases involve multiple parties or multiple claims, Rule 54(b) allows a litigant to move for reconsideration or modification of a district court's interlocutory order disposing of 'fewer than all the claims or the rights and liabilities of fewer than all the parties.'" (quoting Fed. R. Civ. P. 54(b))).

available; or (3) a clear error in the first order.'" *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129

(D.D.C. 2008), *aff'd,* No. 09-5349, 2010 WL 1632965 (D.C. Cir. Apr. 1, 2010) (quoting

*Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.,* 217 F.R.D. 235, 237 (D.D.C. 2003)); *see also*

*Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011) (quoting *Johnson–Parks v. D.C.*

*Chartered Health Plan,* No. 09–1492, 806 F. Supp. 2d 267, 268 (D.D.C. 2011)).

Here, Plaintiffs argue under the Rule 59(e) legal standard that this Court should amend

the May 29, 2019 minute order because it contains an error that requires correction to prevent

manifest injustice.  Pls.' Mot. Amend J. 5.  The error to which Plaintiffs point is the fact that this

Court's May 29, 2019 minute order did not enjoin APD approval on the Colorado and Utah

leases.  *See id.*  But even under Rule 54(b)'s more flexible standard, this minute order does not

contain a "clear error."  Contrary to Plaintiffs' allegations, BLM has not admitted that the

Colorado and Utah EAs, FONSIs, and DNAs are necessarily deficient.  Rather, BLM requested

voluntary remand "for further analysis under NEPA."  Defs.' Mot. for Voluntary Remand 2.

Furthermore, as Defendants note, it is not yet clear *whether* the Colorado and Utah

administrative records contain the same shortcomings that the Court found with respect to the

Wyoming decisions because this Court has not yet ruled on the merits of the Colorado and Utah

claims.  Defs.' Opp'n Pls.' Mot. Amend J. 2, ECF No. 110.  It has thus not yet been determined

that the Colorado and Utah EAs, FONSIs, and NEPA determinations are inadequate.  To satisfy

what NEPA requires, BLM's environmental analysis on remand for the Colorado and Utah

leases must provide adequate quantification of the effects of GHG emissions in the manner

specified in the March 19, 2019 opinion, *before* making any further decisions concerning those

leases.  This procedural posture is distinct from the Wyoming leases, for which this Court

concluded that BLM's original analysis was deficient based on a full briefing on the merits.  For

the Colorado and Utah leases, this Court must assume that BLM will take its obligations seriously on remand, barring contrary briefing on the merits.

Moreover, Plaintiffs have not filed a motion for preliminary injunction on the Colorado and Utah claims and articulated why "irreparable injury is likely in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  If it is necessary to preserve the status quo to "preserve[] BLM's ability to change its mind about selling any of the [Colorado or Utah] leases once the agency completes environmental analyses that comply with NEPA," Pls.' Mot. Amend J. 7, then Plaintiffs may seek a preliminary injunction.  But a motion to reconsider a minute order is the wrong procedural vehicle through which to make this argument.[3]

Because it declines to speculate about BLM's analysis on remand before assessing BLM's EAs and FONSIs for the Colorado and Utah portions of Plaintiffs' original claim, particularly without rigorous application of the controlling legal standard for injunctive relief, this Court will deny Plaintiffs' motion to amend the May 29, 2019 minute order.

### B.  Motion to Enforce March 19, 2019 Remand Order

In a separate filing, Plaintiffs also move to enforce this Court's March 19, 2019 remand order.  *See* ECF No. 109.  Plaintiffs filed this motion after learning that BLM believed the supplementary analysis in its revised EAs and FONSIs "automatically dissolved" the Court's March 19 order enjoining BLM from issuing APDs on the Wyoming leases.  Pls.' Mot. Enforce 3 (discussing Fed. Defs.' Second Notice of Compliance, ECF No. 106).  Plaintiffs argue that Defendants cannot make such a "unilateral determination" of compliance with the Court's March

---

[3] The Court notes that in *Massachusetts v. Watt*, 716 F.2d 946 (1st Cir. 1983), the case on which Plaintiffs rely for the proposition that public harm will flow from a failure to enjoin the sale of oil and gas leases, the plaintiff moved for a preliminary injunction and established harm under the controlling standard for such relief.  *See id.* at 951–52.

19 opinion. *Id.* Federal Defendants counter that the BLM supplementation reported in the second notice of compliance caused the injunction to "expire by [its] own terms." Fed. Defs.' Opp'n Mot. to Enforce 3 (internal citation and quotation marks omitted), ECF No. 114; *see also* ECF Nos. 115, 116, 117 (Defendant-Intervenors' endorsement of this same argument). Federal Defendants underscore that, in making this determination, this Court "should look to the text of the [March 2019 injunction] order to determine its scope and effect." Fed. Defs.' Opp'n Mot. to Enforce 2 (citing *Cleveland v. Fed. Power Comm'n*, 561 F.2d 344, 346–47 (D.C. Cir. 1987)).

In deciding a motion to enforce judgment, a district court has "the authority to enforce the terms of [its] mandate[]." *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 55 (D.D.C. 2014) (citing *Fund for Animals v. Norton,* 390 F. Supp. 2d 12, 15 (D.D.C. 2005); *Int'l Ladies' Garment Workers' Union v. Donovan,* 733 F.2d 920, 922 (D.C. Cir. 1984)). A court asked to enforce a prior order should grant the motion when a "prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it.'" *Heartland Hosp. v. Thompson,* 328 F. Supp. 2d 8, 11 (D.D.C. 2004); *see also Flaherty*, 17 F. Supp. 3d at 55. The key question for this Court, then, is whether Plaintiffs have "received all relief required" by the Court's earlier order. *Heartland Hosp.*, 328 F. Supp. 2d at 11.

Here, Plaintiffs' argument fails because they have received all relief required by the text of this Court's March 19, 2019 injunctive order. *Id.* The March 19 memorandum opinion enjoined BLM "from issuing APDs or otherwise authorizing new oil and gas drilling on the Wyoming leases" until the agency supplemented the documents and satisfied its NEPA obligations in the manner specified in the opinion. Mem. Op. 60. As Federal Defendants assert, the prescribed remedy specified an "event certain, that is, BLM's completion of [the] supplemental NEPA analysis." Fed. Defs' Opp'n Mot. to Enforce 2. BLM has now

supplemented those documents to correct the NEPA deficiencies that this Court previously

identified.  *See generally* Fed. Defs.' Second Notice of Compliance.  And the Court owes BLM

"the presumption of regularity accorded to agencies in performing their duties."  *Comm. of 100*

*on Fed. City v. Foxx*, 87 F. Supp. 3d 191, 211 (D.D.C. 2015) (citing *Sierra Club v. Costle,* 657

F.2d 298, 334 (D.C. Cir. 1981) (agencies receive "the benefit of the presumption of good faith

and regularity in agency action")).  Because the agency has completed the supplementary

analysis required on remand, and because this Court declines to second-guess BLM's

performance of its duties, it finds that Plaintiffs have received the relief required by this Court's

March 19, 2019 memorandum opinion and order.  The Court thus denies Plaintiffs' motion to

enforce the injunctive relief provided in the March 2019 opinion and order.  To the extent that

Plaintiffs wish to challenge the adequacy of BLM's new NEPA analysis, they must supplement

their complaint to raise these new claims.

### IV.  CONCLUSION

For the foregoing reasons, this Court denies Plaintiffs' motion to amend the May 29,

2019 minute order (ECF No. 108) and denies Plaintiffs' motion to enforce the March 19, 2019

remand order (ECF No. 109).  However, the Court underscores that the instant denial of

Plaintiffs' claims does not lessen Defendants' obligation to issue EAs and FONSIs that comply

with NEPA's requirements for all of the Wyoming, Colorado, and Utah leases at issue in this

lawsuit.  The Court thus grants Plaintiffs leave to supplement their original complaint under

Federal Rule of Civil Procedure Rule 15, to the extent that Plaintiffs wish to challenge BLM's

new NEPA analysis regarding oil and gas drilling on the Wyoming leases.  In addition, if it is

appropriate to do so at a later stage, the Court will not hesitate to unwind any improper grants of

authority to drill on the Wyoming, Colorado, or Utah land.  The Court accordingly encourages

BLM to refrain from investing resources and approving any APDs or otherwise authorizing new oil and gas drilling on the Wyoming, Colorado, or Utah land until it is far more certain that they are supported by adequate NEPA review.  Any such investments in resources by BLM, or private oil interests for that matter, may prove foolhardy if BLM's new decisions are subsequently vacated rather than remanded.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 19, 2019                                              RUDOLPH CONTRERAS
                                                                          United States District Judge