James Kaste, WSB No. 6-3244
Deputy Attorney General
Elliott Adler, WSB No. 7-6434
Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Ave.
Cheyenne, WY 82002
Telephone: 307-777-7895
Facsimile: 307-777-3542
james.kaste@wyo.gov
elliott.adler@wyo.gov
*Attorneys for the State of Wyoming*

Anthony L. Rampton, UT Bar No. 2681
Kathy A.F. Davis, UT Bar No. 4022
Assistant Attorney General
David Halverson, Bar No. 992858
Special Assistant Attorney General
5110 State Office Building
P.O. Box 142477
Salt Lake City, UT 84114-2477
Telephone: 801-537-9801
arampton@utah.gov
kathydavis@utah.gov
dhalverson@utah.gov
*Attorneys for the State of Utah*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>BERNHARDT, *et al.*,<br><br>Federal Defendants,<br><br>and<br><br>WESTERN ENERGY ALLIANCE, *et al.*<br><br>Intervenor – Defendants. | Case No. 1:16-cv-01724-RC<br><br>**STATE OF WYOMING AND STATE OF UTAH'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

On July 17, 2020, the Plaintiff Advocacy Groups filed a Notice of Supplemental Authority claiming that an order vacating the Bureau of Land Management's 2018 rule rescinding the 2016 Waste Prevention Rule has some bearing on the remaining issue in these proceedings.  *See State of California v. Bernhardt*, No. 4:18-cv-05712-YGR, at 55-56 (N.D. Cal. July 15, 2020) (ECF_177). It does not. The California court vacated the Bureau's rescission of a rule governing oil and gas operations across the country on various grounds, including the agency's decision not to study the consequences of the rescission through an environmental impact statement (EIS). The Advocacy Groups invite the Court to overlay this fundamentally different case onto the case here in an attempt to revisit this Court's original ruling. The Court should reject this invitation and disregard the Advocacy Groups' Notice.

First, the case before this Court does not involve a nationwide rule or any meaningful change to the Bureau's broader oil and gas leasing program. Rather, this case focuses solely on the adequacy of a supplemental analysis prepared by the Bureau to quantify potential GHG emissions from the sale and development of 283 oil and gas leases in Wyoming. It is therefore unrealistic for the Advocacy Groups to suggest the environmental analysis required to study the impacts of rescinding a nationwide rule, and the analysis required to examine a routine leasing process conducted by the Bureau in a single state, are one and the same.

Second, the Bureau did in fact prepare EISs to support the sale of the 283 oil and gas leases at issue in this case. A key fact in the California case was that neither the 2016 rule nor the rescission were analyzed in an EIS. *See* (ECF_163). By contrast, here the Bureau prepared several EISs that exhaustively analyzed and studied the impact of oil and gas leasing on the leased parcels prior to declaring those parcels open to leasing. (ECF_99 at 31-32) (noting that the Bureau spent

1

thousands of pages analyzing oil and gas development in EISs). The supplemental EA in this case is but one of many analyses prepared by the Bureau to examine the consequences of its decision.

Third, the procedural posture of this case is distinct in that the case is before this Court following a remand order for supplemental analysis by the Bureau. This Court has already reviewed and identified the deficiencies in the Bureau's original environmental analyses. *See generally* (ECF_99). In accordance with that review, this Court found that the Bureau only needed to supplement its original environmental analyses by quantifying potential GHG emissions from the leases and comparing those estimates to local, regional, and national emissions. (*Id.* at 49) ("Simply put, NEPA required more robust analyses of GHG emissions"). Therefore, unlike the California case, the question before this Court is not whether the Bureau should have prepared an EIS, but whether the Bureau's supplemental analysis complies with this Court's order.

Finally, the Advocacy Groups cite the California order for the apparent proposition that this Court was wrong in holding that the Bureau need only supplement its analysis as opposed to preparing yet another EIS. *See California, et. al. v. Bernhardt*, No. 4:18-cv-05712-YGR (ECF_163 at 2). The excerpt from the California case cited by the Advocacy Groups reflects that the California court deemed the effects of the rescission as "highly uncertain" and therefore it could not go forward in the absence of an EIS. *California, et. al. v. Bernhardt*, No. 4:18-cv-05712-YGR (ECF_177 at 50-53).  Since this Court unequivocally found that the impacts from leasing were not highly uncertain as oil and gas leasing is "common place in the west," the Advocacy Groups seem to suggest that this Court's holding was wrong and the EIS issue should be reconsidered. (ECF_99 at 53-56). It should not.

Because this case is factually, procedurally and substantively unlike *State of California v. Bernhardt*, this Court should disregard the Advocacy Groups' Notice.

2

Dated this 23rd day of July 2020.

/s/ *Elliott Adler*
James Kaste, WSB No. 6-3244
Deputy Attorney General
Elliott Adler, WSB No. 7-6434
Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY 82002
Telephone: 307-777-6946
Facsimile: 307-777-3542
james.kaste@wyo.gov
elliott.adler@wyo.gov

*Counsel for the State of Wyoming*

/s/ *David Halverson (with permission)*
Anthony L. Rampton, UT Bar No. 2681
Kathy A.F. Davis, UT Bar No. 4022
Assistant Attorney General
David Halverson, Bar No. 992858
Special Assistant Attorney General
5110 State Office Building
P.O. Box 142477
Salt Lake City, UT 84114-2477
Telephone: 801-537-9801
arampton@utah.gov
kathydavis@utah.gov
dhalverson@utah.gov

*Counsel for the State of Utah*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of July 2020, the foregoing was served by the Clerk of the U.S. District Court of Columbia through the Court's CM/ECF system, which will send notification of such filing to other participants in this case.


/s/ *Elliott Adler*
Wyoming Attorney General's Office

4