**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID L. BERNHARDT, in his official capacity as Secretary of the Interior, *et al.*, <br><br> Federal Defendants, <br><br> and <br><br> WESTERN ENERGY ALLIANCE, *et al.*, <br><br> Intervenor Defendants. | Case No. 1:16-cv-1724-RC <br> The Honorable Rudolph Contreras |

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On July 7, 2020, Plaintiffs filed a notice of supplemental authority attaching the recent decision by the District Court for the Northern District of California in *California v. Bernhardt*, No. 4:18-CV-5712-YGR, 2020 WL 4001480 (N.D. Cal. July 15, 2020). ECF No. 163. That case addressed a nationwide rulemaking by the Bureau of Land Management ("BLM") that regulated waste from oil and gas development on federal and tribal lands. Plaintiffs argue that two holdings of the decision are relevant to this case: (1) that BLM should have considered the cumulative impacts of the rulemaking combined with its nationwide oil and gas program, and (2) that BLM's statements about uncertainties regarding climate impacts weigh in favor of preparing an environmental impact statement ("EIS") rather than an environmental assessment ("EA").

1

Regarding the first issue, as Defendants explained in their briefing in this case, Section 1508.7 of the National Environmental Policy Act's ("NEPA") implementing regulations "explicitly provides that agencies should not distinguish in their cumulative impacts analysis between federal and non-federal projects; BLM must instead assess the cumulative impacts of *all* GHG emissions." ECF No. 162 at 5 (citing 40 C.F.R. § 1508.7); *see also* ECF No. 149 at 17, 24. The only practical means of assessing cumulative climate impacts is to rely on emission inventories and projections in the aggregate, as BLM did here. *Id.* The Northern District of California's suggestion that BLM must parse out the cumulative climate impacts caused by an action in combination only with other federal oil and gas development is unsupported by NEPA; and any attempt to do so in combination with all non-federal GHG emission sources is infeasible in practice given the global and aggregate nature of greenhouse gas emissions and climate change. Equally important, this Court's consideration of cumulative impacts must be based on the action and record before it. Even if a cumulative impact analysis of BLM's entire oil and gas development program made sense in the context of the national rulemaking at issue in *California v. Bernhardt*, it makes no sense at the individual lease sale stage at issue in this case. Here, BLM properly provided a cumulative analysis of regional, statewide, and national emissions, as well as an analysis of emissions caused by past, present, and foreseeable future BLM lease sales in the region and nation. ECF No. 149 at 17-22; ECF No. 162 at 2-4.

Regarding the second issue, this Court recognized that "uncertain[ty]" in 40 C.F.R. § 1508.27 suggests "an action involve[ing] new science," such as "when an action's impact on a species is unknown." *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 82 (D.D.C. 2019), ECF No. 99, 55-56. While the Northern District of California faulted BLM for colloquially referring to uncertainties regarding many big picture issues such as "population and economic

growth, [greenhouse gas] emissions, the translation of Earth system changes to economic damages, and the role of adaptation," *California v. Bernhardt*, No. 4:18-CV-5712-YGR, ECF No. 163, Ex. 1 at 52, none of these constitute "new science" as required by this Court under 40 C.F.R. § 1508.27.  As this Court held, "oil and gas leasing is commonplace in the mountain west" and disagreement about "the usefulness and accuracy of tools by which GHG emissions and their precise environmental impacts may be measured" does not render "the risks of GHG emissions . . . 'unique or unknown'" for the purposes of 40 C.F.R. § 1508.27.  *WildEarth Guardians*, 368 F. Supp. 3d at 83, ECF No. 99, 55-56.

      Respectfully submitted this 24th day of July, 2020.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Div.

/s/ *Michael S. Sawyer*
MICHELLE-ANN C. WILLIAMS
MICHAEL S. SAWYER
Trial Attorneys, Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0420 (Williams)
Telephone: 202-514-5273 (Sawyer)
E-mail: Michelle-Ann.Williams@usdoj.gov
E-mail: Michael.Sawyer@usdoj.gov

*Counsel for Federal Defendants*