IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILDEARTH GUARDIANS**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **ZINKE**, *et al.*, <br><br> Federal Defendants, <br><br> and <br><br> **WESTERN ENERGY ALLIANCE, PETROLEUM ASSOCIATION OF WYOMING,** *et al.* <br><br> Defendant-Intervenors. | Case No. 1:16-cv-01724-RC |

**WESTERN ENERGY ALLIANCE AND PETROLEUM ASSOCIATION OF WYOMING'S NOTICE OF SUPPLEMENTAL AUTHORITY**

On August 18, 2020, the United States District Court for the District of New Mexico issued a Memorandum Opinion and Order (Order) in the case captioned *Wildearth Guardians v. David Bernhardt*, *et al.*, Case No. 1:19-cv-00505-RB-SCY. A copy of the Order is attached as Exhibit 1. The Order addresses issues now pending before this Court.

Reviewing claims similar to the case at bar, Judge Brack held that the Bureau of Land Management (BLM) complied with NEPA in offering parcels for lease in three lease sales in the Carlsbad and Permian Basin regions of southeastern New Mexico. The court found that BLM "complied with NEPA when it took a hard look at how its Leasing Authorizations would cumulatively affect the regional and global environment, air quality, and water quality." Opinion at 13. The Court found that the BLM:

(a) "sufficiently accounted for the cumulative effect of oil and gas development in the region, and it was not required to use specific climate change methodologies to assess this impact." *Id*. at 15;

(b) "places the leases in a regional and national context" by "provid[ing] a level of comparison for GHGs associated with oil and gas production and with total national emissions . . .[and] roots the analysis in countrywide energy production and applies 'production percentages to estimate emissions for the [region]." *Id.* at 19;

(c) "was not required to apply the Social Cost Carbon Protocol . . .." *Id*. at 22;

(d) "satisfied NEPA's requirements by placing emissions in the context of current ozone levels and determining that emissions from development on the lease parcels would not have a significant effect." *Id.* at 26-27.

Further, Judge Brack found that BLM did not violate NEPA by declining to complete an EIS for the challenged lease sales, finding that BLM's analysis, "meets NEPA's requirements and is not controversial despite the charged nature of the topic." *Id.* at 34.

Finally, the New Mexico Court declined to vacate the challenged leases for purported deficiencies, finding that remedy a "gross over-exaggeration and a mark of judicial overreach." *Id.* at 45.

Respectfully submitted this 25th day of August 2020.

/s/ Malinda Morain
Bret Sumner (DC Bar # 464494)
bsumner@bwenergylaw.com
Jim Martin, *Pro Hac Vice*
jmartin@bwenergylaw.com
Malinda Morain, *Pro Hac Vice*
mmorain@bwenergylaw.com
BEATTY & WOZNIAK, P.C.
216 Sixteenth St., Suite 1100
Denver, CO 80202-5115
Telephone: 303-407-4499
Fax: 800-886-6566

*Attorneys for Defendant-Intervenors Western Energy Alliance and Petroleum Association of Wyoming*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 25th day of August, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Malinda Morain*
