IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS, and<br>PHYSICIANS FOR SOCIAL RESPONSIBILITY,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BERNHARDT, *et al.*,<br><br>Defendants, and<br><br>WESTERN ENERGY ALLIANCE, *et al.*,<br><br>Defendant-Intervenors. | Case No. 1:16-cv-01724-RC<br>The Honorable Rudolph Contreras |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE
SUPPLEMENTED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

Pursuant to Fed.R.Civ.P. 15(d), Plaintiffs respectfully seek leave to supplement their Complaint for Declaratory and Injunctive Relief. Plaintiffs' counsel has consulted counsel for other Parties regarding this motion. Federal Defendants, and Defendant-Intervenors Western Energy Alliance, Petroleum Association of Wyoming, and American Petroleum Institute do not oppose the motion. Defendant-Intervenors State of Utah and State of Wyoming take no position.

On August 25, 2016, Plaintiffs filed their initial complaint, challenging Federal Defendantfs' authorization of 473 oil and gas leases through 11 oil and gas lease sales on federal public lands in Colorado Utah, and Wyoming. ECF No. 1. To streamline litigation of this matter, the parties agreed to brief the case on a state-by-state basis, beginning with the Wyoming leases. ECF No. 20 (proposed briefing schedule); ECF No. 24 (order adopting state-by-state briefing). After Plaintiffs' claims with respect to the Wyoming leases were fully briefed, the Court issued

an order holding that Federal Defendants violated NEPA by failing to take a hard look at the climate impacts of greenhouse gas (GHG) emissions resulting from the challenged leases, and remanding the Environmental Assessments (EAs) and Findings of No Significant Impact (FONSIs) for the Wyoming leases to BLM so that the agency could address the identified deficiencies. ECF Nos. 98 (order), 99 (memorandum opinion).

On remand, BLM issued a new Supplemental EA for its Wyoming leasing decisions. *See* BLM Notice of Compliance, ECF No. 102. Recognizing that "[t]he analyses of climate change impacts in the NEPA documents supporting the Colorado and Utah leasing decisions are similar to those in the [remanded] Wyoming EAs," BLM also sought voluntary remand of the Colorado and Utah leasing decisions, ECF No. 107, at 4, which the Court granted. Minute Order (May 29, 2019).

Plaintiffs amended and supplemented their complaint, challenging the WY 2019 Supplemental EA, 2019 FONSI, and Federal Defendants' decision to reapprove the Wyoming leases. ECF No. 126. After Plaintiffs' claims were fully briefed, the Court again issued an order holding that Federal Defendants' violated by failing to take a hard look at the climate impacts of GHG emissions resulting from the Wyoming lease sales, and remanding the EAs and FONSIs for the Wyoming leases to BLM so that the agency could properly address the identified deficiencies. ECF No. 173.

During the litigation of the Wyoming Supplemental EA and FONSI, BLM also issued new Supplemental EAs for its voluntarily-remanded Colorado leasing decisions, DOI-BLM-CO-0000-2019-0011-EA (CO 2019 Supplemental EA) and FONSI (CO 2019 FONSI), and Utah leasing decisions, DOI-BLM-UT-0000-2019-0004-EA (UT 2019 Supplemental EA) and FONSI (UT 2019 FONSI).

Finding that Federal Defendants have failed to comply with NEPA after voluntary remand of the Colorado and Utah leases, Plaintiffs seek the Court's leave to file the attached supplemented complaint, challenging the CO 2019 Supplemental EA, CO 2019 FONSI, UT 2019 Supplemental EA, UT 2019 FONSI, and Federal Defendants' decisions to reapprove the Colorado and Utah leases, pursuant to Fed.R.Civ.P. 15(a)(2) and 15(d).

In light of the change in Presidential administration and multiple related cases pending before this Court (Nos. 20-cv-0056; 21-cv-0175), the Parties jointly request that the Court set a 60 day deadline for Federal Defendants and Intervenors to file responsive pleadings or motions in response to the Supplemented Complaint. The Parties further agree, subject to the Court's grant of leave to supplement, that because this is a record-review case in which the Court does not make findings of fact and, further, because no response is required to legal conclusions or characterizations of documents, statutes, regulations, or other legal authorities, Federal Defendants and Intervenors need not respond to the paragraphs of the forthcoming supplemented complaint that precede Plaintiffs' legal counts (i.e., their claims for relief). Federal Defendants and Intervenors instead need only respond to the claims for relief and, in addition, shall assert any affirmative defenses or relief to which they claim entitlement.

Respectfully submitted this 26th day of January,

| | |
|---|---|
| */s/ Daniel L. Timmons* | */s/ Shiloh S. Hernandez* |
| Daniel L. Timmons | Shiloh S. Hernandez |
| Bar No. NM002 | MT Bar No. 9970 (admitted *Pro Hac Vice*) |
| WildEarth Guardians | Western Environmental Law Center |
| 301 N. Guadalupe Street, Suite 201 | 103 Reeders's Alley |
| Santa Fe, NM 87501 | Helena, MT 59601 |
| (505) 570-7014 | (406) 204-4861 |
| dtimmons@wildearthguardians.org | hernandez@westernlaw.org |

| | |
|---|---|
| */s/ Samantha Ruscavage-Barz* | */s/ Kyle Tisdel* |
| Samantha Ruscavage-Barz | Kyle Tisdel |
| Bar No. CO0053 | CO Bar No. 42098 (admitted *Pro Hac Vice*) |
| WildEarth Guardians | Western Environmental Law Center |
| 301 N. Guadalupe Street, Suite 201 | 208 Paseo del Pueblo Sur, Ste. 602 |
| Santa Fe, NM 87501 | Taos, NM 87571 |
| (505) 401-4180 | (575) 613-8050 |
| sruscavagebarz@wildearthguardians.org | tisdel@westernlaw.org |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2021 I electronically filed the foregoing PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

>*/s/ Daniel L. Timmons*
>Attorney for Plaintiffs