UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILDEARTH GUARDIANS, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DEBRA HAALAND,[1] *et al.* )<br>)<br>Federal Defendants )<br>)<br>and )<br>)<br>WESTERN ENERGY ALLIANCE, *et al.* )<br>)<br>Defendant-Intervenors. ) | Case No. 1:16-cv-01724-RC<br>The Honorable Rudolph Contreras |

**FEDERAL DEFENDANTS' SECOND MOTION FOR VOLUNTARY REMAND
WITHOUT VACATUR AND MEMORANDUM IN SUPPORT**

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary Debra Haaland is substituted automatically for former Secretary of the Interior David Bernhardt.

## MOTION

The United States Bureau of Land Management ("BLM"), an agency of the United States Department of the Interior ("Interior"), and the federal officials named herein as defendants (collectively, "Federal Defendants"), hereby move the Court for a voluntary remand without vacatur of the supplemental environmental assessments ("EAs") and Findings of No Significant Impact ("FONSIs") challenged in Plaintiffs' Supplemented Complaint, ECF No. 192, so that BLM may conduct further analysis under the National Environmental Policy Act ("NEPA").

The Court previously granted a similar motion to remand NEPA documents following the Court's decision in *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41 (D.D.C. 2019). *See* Mem. Op. Denying Pls.' Mot. to Am. J, ECF No. 121 (July 19, 2019).  At that time, only Plaintiffs opposed the motion for remand, and only insofar as BLM did not provide an explicit commitment to postpone drilling approvals.  ECF No. 107, at 1.  Following that remand, BLM prepared supplemental NEPA analysis for the challenged lease sales.  *See* ECF Nos. 140 & 171.

Since the Court's subsequent decision in *WildEarth Guardians v. Bernhardt*, 502 F. Supp. 3d 237 (D.D.C. 2020), Federal Defendants have determined that an additional remand is appropriate.  Undersigned counsel has conferred via email with counsel for the other parties and advises (1) Intervenor-Defendants American Petroleum Institute and the State of Utah oppose this motion, (2) Intervenor-Defendant State of Wyoming takes no position on the motion, and (3) Intervenor-Defendant Western Energy Alliance and Plaintiffs will need to review the motion before taking a position.

## MEMORANDUM

1. **Background**

At present, this case involves a challenge to six sales under the Mineral Leasing Act of 1920, which collectively authorized the sale of oil and gas leases on 189 parcels of public land in

the states of Colorado and Utah. Those sales were held between February 2015 and May 2016. The Court has previously issued two decisions in this case concerning oil and gas lease sales in Wyoming.

In *Zinke*, the Court concluded that the NEPA analyses for the challenged Wyoming lease sales were insufficient because they did not (1) quantify and forecast direct, drilling-related emissions of greenhouse gases ("GHGs"); (2) adequately consider the indirect GHG emissions from downstream use of oil and gas; and (3) compare those GHG emissions to regional and national GHG emissions forecasts. *Zinke*, 368 F. Supp. 3d at 83. The Court remanded the Wyoming EAs and FONSIs and directed that BLM supplement those documents to address the noted deficiencies in the environmental analyses. *Id*. at 84. The Court did not vacate the decisions, nor did it vacate the associated leases, but it enjoined BLM from approving applications for permits to drill ("APDs") for those leases until the agency supplemented the EAs and FONSIs. *Id*. at 85. In May 2019, Federal Defendants prepared supplemental NEPA analysis for the Wyoming lease sales. ECF Nos. 104, 106. And Plaintiffs challenged that NEPA analysis for the Wyoming lease sales in an amended and supplemented complaint filed in September 2019. ECF No. 126.

Following *Zinke*, Federal Defendants moved for a voluntary remand without vacatur of the NEPA documents for the Utah and Colorado lease sales. *See* ECF No. 107. The Court granted that motion, remanding the NEPA documentation for the Utah and Colorado leasing decisions. Mem. Op., at 5–6, *WildEarth Guardians v. Haaland*, No. 16-1724 (RC), ECF No. 121 (July 19, 2019). In granting that motion, the Court rejected Plaintiffs' argument that remand should be conditioned on an injunction preventing BLM from approving APDs. *See id.* Interior prepared supplemental NEPA analysis for the remanded decisions. *See* ECF No. 140 (notifying

Court of supplemental EA for Colorado in December 2019); ECF No. 171 (notifying Court of supplemental EA for Utah in September 2020).

In November 2020, the Court issued its *Bernhardt* decision further rejecting the supplemental NEPA analysis for the Wyoming lease sales that BLM had done following the Court's *Zinke* decision. The Court concluded that BLM's supplemental NEPA analysis (1) failed to adequately analyze GHG emissions from other lease sales in the region and the country, *id.* at 247–51; (2) failed to take a hard look at GHG emissions by considering only yearly rather than total emissions, *id.* at 251–53; (3) used inconsistent per-acre GHG rates, *id.* at 253–54; and (4) insufficiently considered carbon budgeting, *id.* at 254–56. Again, the Court did not vacate the leasing decisions, but it enjoined BLM from approving APDs for those leases until the agency substantiated its supplemental NEPA analysis on remand. *Id.* at 259. The Court further "urge[d] BLM to conduct a robust [remand] analysis, using conservative estimates based on the best data, analyzed in an unrushed fashion, so that the analysis can effectively serve as a model for the other leases." *Id.* at 259 n.16.

Since the Court's *Bernhardt* decision, Plaintiffs filed their Supplemented Complaint in January 2021 challenging the supplemental NEPA documentation for the Colorado and Utah lease sales. Following *Bernhardt*, Interior has reassessed the adequacy of the NEPA analyses supporting the Colorado and Utah leasing decisions challenged in this case. Based on that assessment, BLM now concludes that voluntary remand for further analysis under NEPA is appropriate for those leasing decisions. For the reasons set out herein, Federal Defendants ask that the supplemental EAs and FONSIs challenged in the Supplemented Complaint be remanded without vacatur to the agency for further NEPA analysis.

2. Discussion

Courts "commonly grant motions to remand an administrative record to allow an agency

3

to consider new evidence that became available after the agency's original decision." *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008) (citing *Ethyl Corp. v. Browner*, 989 F.2d 522, 523–24 & n.3 (D.C. Cir. 1993)).  This approach serves dual purposes: permitting agencies to exercise their "inherent power to reconsider their own decisions," *id.* (quoting *Prieto v. United States*, 655 F.Supp. 1187, 1191 (D.D.C.1987)); and conserving judicial resources by "allow[ing] agencies to cure their own mistakes," *id.* (quoting *Ethyl*, 989 F.2d at 524).  Because remands further these purposes, even without a confession of error, courts in this Circuit "generally grant an agency's motion to remand so long as 'the agency intends to take further action with respect to the original agency decision on review.'" *Util. Solid Waste Activities Grp. v. Envtl. Prot. Agency*, 901 F.3d 414, 436 (D.C. Cir. 2018) (quoting *Limnia, Inc. v. Department of Energy*, 857 F.3d 379, 381, 386 (D.C. Cir. 2017)).

Remand is especially "appropriate if the agency's motion is made in response to 'intervening events outside of the agency's control, for example, a new legal decision or the passage of new legislation.'" *Id.* at 436 (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001)).  Such remands "comport[] with the general principle that an agency should be afforded the first word on how an intervening change in law affects an agency decision pending review." *Nat'l Fuel Gas Supply Corp. v. F.E.R.C.*, 899 F.2d 1244, 1249–50 (D.C. Cir. 1990).  Thus, "where an intervening event may affect the validity of the agency action at issue, a remand is generally required." *Sierra Club*, 560 F. Supp. 2d at 23 ("noting that it can be 'an abuse of discretion to prevent an agency from acting to cure the very legal defects asserted by plaintiffs challenging federal action'" (quoting *Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004))).

In the instant case, Federal Defendants have determined that a remand is appropriate so

they may further analyze the impacts of the challenged leasing decisions.  This determination is informed by the Court's recent *Bernhardt* decision, *viz.*, the "intervening event" that draws into question "the validity of [BLM's] actions."  *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010).  In the *Bernhardt* ruling, the Court found that BLM failed to take a sufficiently hard look at the GHG emissions-related climate change impacts of oil and gas leasing, based on the supplemental NEPA analyses supporting the leasing decisions.  502 F. Supp. 3d at 259.  The analyses supporting the challenged Colorado and Utah leasing decisions are similar in some respects to those that the Court considered in *Bernhardt*.  Remand to allow the agency an opportunity to address these matters would serve the public interest because an agency's "reconsideration of the potential environmental impacts of a project furthers the purpose of NEPA."  *Pellissippi Parkway*, 375 F.3d at 418.

Further, remand without vacatur is appropriate because there is "at least a serious possibility that the [agency] will be able to substantiate its decision on remand." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 282 F. Supp. 3d 91, 97 (additional citations omitted), *subsequent determination by* 280 F. Supp. 3d 187 (D.D.C. 2017).  As the Court recognized in *Bernhardt*, "nothing suggests that the agency would not be able to substantiate its prior conclusions."  502 F. Supp. 3d at 259.  Because Plaintiffs "challenge only one aspect of [many] lease sales that otherwise complied with NEPA," *Zinke*, 368 F. Supp. 3d at 84, the "probability that [BLM] will be able to justify retaining [its prior leasing decisions] is sufficiently high that vacatur . . . is not appropriate."  *Id.* (quoting *Fox Television Stations, Inc. v. FCC*, 280 F.3d 1027, 1049 (D.C. Cir. 2002) (additional citations omitted)).  The same consideration should govern here.

The Court should not vacate the lease sales for two additional reasons.  *First*, the Court

5

lacks authority to "order vacatur . . . without an independent determination that [the challenged leasing decisions were] not in accordance with the law." *Carpenters Indus.*, 734 F. Supp. 2d at 135. Thus, the Court should "preserve scarce judicial resources by allowing agencies 'to cure their own mistakes,'" *id.* at 132, rather than undertake an evaluation on the merits of decisions that the agency wishes to revisit. *Second*, BLM recognizes that, under *Zinke* and *Bernhardt*, it must adequately assess potential effects of GHG emissions before making further decisions concerning these leases. Should BLM make decisions that Plaintiffs or Intervenors consider unlawful, those parties may challenge those decisions and, if appropriate, may seek to block their implementation by pursuing injunctive relief. But there is presently no need for the Court to vacate the challenged decisions without the customary showing that Plaintiffs are entitled to such relief. *See* Mem. Op., at 5–6, *WildEarth Guardians v. Bernhardt*, No. 16-1724 (RC), ECF No. 121 (July 19, 2019) (declining to enjoin approval of APDs on remand because "Plaintiffs have not filed a motion for preliminary injunction . . . and articulated why 'irreparable injury is likely in the absence of an injunction'" (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008))).

For all these reasons, the Court should exercise its inherent authority to manage its docket and its equitable power to grant remand, without any determination on the merits as to the leasing decisions challenged in the Supplemented Complaint. This will avoid judicial resolution of issues that may well be resolved upon remand and further study.

Respectfully submitted this 30th day of July, 2021.

          TODD KIM
          Assistant Attorney General
          Environment & Natural Resources Division
          U.S. Department of Justice

          */s/ Michael S. Sawyer*
          MICHELLE-ANN C. WILLIAMS
          MICHAEL S. SAWYER
          Trial Attorneys, Natural Resources Section
          Ben Franklin Station, P.O. Box 7611
          Washington, D.C. 20044-7611
          Telephone: (202) 305-0420 (Williams)
          Telephone: (202)-514-5273 (Sawyer)
          Fax: (202) 305-0506
          Email: michelle-ann.williams@usdoj.gov
                    michael.sawyer@usdoj.gov

          *Counsel for Federal Defendants*